UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-472-KDB-DSC

| | |
|---|---|
| THOMAS L. MASON, M.D., STEVEN G. FOLSTAD, M.D., and MID-ATLANTIC EMERGENCY MEDICAL ASSOCIATES, PLLC, <br><br> Plaintiffs, <br><br> v. <br><br> HEALTH MANAGEMENT ASSOCIATES, INC., MOORESVILLE HOSPITAL MANAGEMENT ASSOCIATES, LLC, d/b/a LAKE NORMAN REGIONAL MEDICAL CENTER, STATESVILLE HMA, LLC, d/b/a DAVIS REGIONAL MEDICAL CENTER, EMERGENCY MEDICAL SERVICES CORPORATION, EMCARE, INC., EMCARE HOLDINGS, INC., and EMERGENCY MEDICAL SERVICES, L.P., <br><br> Defendants. | **CONSENT PROTECTIVE ORDER** |

This matter comes before the Court on the above parties' (each a "**Party**" and together, the "**Parties**") joint motion for entry of this consent protective order (the "**Consent Protective Order**"). Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, **IT IS HEREBY ORDERED** that the following principles and procedures designed to assure the protection of proprietary and confidential information shall govern any and all discovery in this action:

## Definitions

The following initially capitalized terms as used in this Consent Protective Order shall have the meanings ascribed to them below:

1. "**Confidential**" means any type or classification of Discovery Material which is designated as confidential by any Designating Party in the manner specified below in the good faith belief that such Discovery Material constitutes or contains:

(a) Personnel files, documents, or information for persons who are not current or former officers, directors, or employees of any Party; or

(b) Personal identification information, such as social security numbers; or

(c) Discovery Material that can reasonably be construed to contain protected health information as defined by the provisions of the Health Insurance Portability and Accountability Act, Pub. L. No. 104-101, 110 Stat 1936 (1996) or its accompanying regulations; or

(d) Discovery Material that a Party determines in good faith contains confidential or proprietary personal or business information, or Trade Secrets.

Confidential Discovery Materials may be furnished by or on behalf of any Party or Producing Party in connection with this action.

2. "**Designating Party**" means any Party or Producing Party who designates any Discovery Material as Confidential or Highly Confidential pursuant hereto. Any Party may designate any Discovery Material as Confidential or Highly Confidential pursuant to the terms hereunder. Any Producing Party may designate Discovery Material produced, given, or shared by the Producing Party as Confidential or Highly Confidential pursuant to the terms hereunder.

3. "**Discovery Material**" means information, whether hard copy, electronic or otherwise, within the scope of Rule 26 of the Federal Rules of Civil Procedure including, but not limited to, the following:

(a) Written discovery responses;

(b) Documents produced in response to any request for production of documents;

(c) Documents produced in response to any subpoena;

(d) Deposition testimony;

(e) Disclosures served pursuant to Fed. R. Civ. P. 26(a)(1);

(f) Disclosures, including expert reports, served pursuant to Fed. R. Civ. P. 26(a)(2);

(g) Documents exchanged pursuant to the Court's March 26, 2019 Order;

(h) Any informal discovery; and

(i) Any other information or materials exchanged or obtained through the use of the discovery procedures in Fed. R. Civ. P. 26–37, 45.

4. "**Highly Confidential**" means Confidential Discovery Material which is designated as highly confidential by any Designating Party in the manner specified below in the good faith belief that such Discovery Material constitutes or contains:

(a) Privileged information which the Parties and Producing Party agree will not constitute a waiver of any privilege or other immunity at trial; or

(b) Information that is highly likely to irreparably compromise or threaten business or financial interests of the Producing Party if disclosed to any person or Party other than counsel of record.

The Parties agree that properly designated Highly Confidential Discovery Material is deserving of increased protection under this Consent Protective Order, including greater restrictions on its disclosure. Highly Confidential Discovery Material may be furnished by or on behalf of any Party or Producing Party in connection with this action.

5. "**Producing Party**" means any person or entity, whether or not a Party, who is bound by the terms of this Consent Protective Order, and who produces, gives or shares Discovery Material in this action.

6. "**Receiving Party**" means any person or entity, whether or not a Party, who is bound by the terms of this Consent Protective Order, and who receives Discovery Material in this action.

7. **"Trade Secrets"** mean all tangible and intangible information that meets the definition of "trade secrets" under the North Carolina Trade Secrets Act, N.C. Gen. Stat. §§66-152 through 66-157. Such designation by the Designating Party does not mean that the Receiving Party agrees that the information meets the statutory definition of a Trade Secret.

**Designation of Confidential or Highly Confidential Discovery Materials**

8. The Designating Party shall have the right to use its discretion in designating Discovery Material as Confidential or Highly Confidential. However, each Designating Party shall be obligated to designate only Discovery Material which it believes in good faith meets the applicable definitions.

9. Any Designating Party may designate Discovery Material and copies thereof as Confidential by marking any Confidential pages with the words "**Confidential (WDNC)**". Any Designating Party may designate Discovery Material and copies thereof as Highly Confidential by marking any Highly Confidential pages with the words "**Highly Confidential (WDNC) – Attorneys Eyes Only**". In lieu of placing these legends on the originals of documents, the Designating Party may place the legends on the copies that are produced. Any legend placed on Discovery Material and copies thereof shall not obfuscate or obliterate the content of the Discovery Material in any respect. When producing a multi-page document, all of which is contended to be Confidential or Highly Confidential, a Designating Party may mark each page with the legend, or may designate the entire document as such by marking the initial page with the appropriate legend followed by the Bates numbers of the pages so designated. Pursuant to the Court's March 26, 2019 Order, the Defendants may produce in this action documents that were previously provided to the United States Department of Justice ("**USDOJ**") in response to subpoenas. Any confidentiality designations made in productions to the USDOJ shall not apply to this action. However, nothing in this paragraph shall prohibit any of the Defendants from designating such

documents as Confidential or Highly Confidential pursuant to the terms of this Consent Protective Order.

10. Affidavits, witness statements, deposition testimony or hearing testimony of any Producing Party or of one of its present or former officers, directors, employees or agents may be designated by any Designating Party as Confidential or Highly Confidential by indicating on the transcript, affidavit, or on the record at the deposition or hearing that the statement or testimony contains Confidential or Highly Confidential Discovery Materials and is subject to the provisions of this Consent Protective Order. Alternatively, any Designating Party may designate deposition or hearing testimony as Confidential or Highly Confidential Discovery Materials by notifying all Parties in writing, within ten business days of receipt of the transcript, of the specific pages and lines of the transcript which are being designated Confidential or Highly Confidential. Disclosure of deposition or hearing transcripts shall be limited to those persons to whom Confidential Discovery Materials may be disclosed under this Consent Protective Order for a period of ten business days after a final and complete transcript of the deposition or hearing is available, in order to permit the designations referenced above, or for such other time as the Parties may agree in writing or the Court may order.

11. Discovery Material made available for inspection automatically shall be treated as Confidential during inspection. All Discovery Material obtained as a result of inspection, whether recorded by the inspecting party mentally, in tangible form (i.e., written notes, photocopies, audio recordings, photographs), or otherwise, shall be treated as Confidential, until the Producing Party delivers production copies, at which time the confidentiality designations marked on the production copies shall control. Any Discovery Material that the reviewing party has elected not to have copied shall continue to be treated as Confidential Discovery Material.

12. Discovery Material disclosed in answers to interrogatories may be designated as Confidential or Highly Confidential by the answering party by indicating in the answer the particular Discovery Material disclosed therein which is Confidential or Highly Confidential and subject to the provisions of this Consent Protective Order.

13. All designations of Discovery Materials as Confidential or Highly Confidential hereunder are provisional and without prejudice to the right of any Party to contend that the materials in question are either not entitled to protection or are entitled to greater or lesser protection than designated under the terms of this Consent Protective Order. If any Party disagrees with the designation of any Discovery Materials as Confidential or Highly Confidential, counsel shall attempt to resolve the disagreement on an informal basis. If it is necessary to present the dispute to the Court for resolution, it shall be up to the Party seeking to change the designation or protection to move the Court for an order compelling the disclosure without restriction or with greater or lesser restriction and such moving Party shall have the burden of persuasion that change of the designation of the Discovery Material is proper. Pending ruling from the Court, the material in question shall continue to be treated by all Parties in accordance with its designation by the Designating Party.

### Nondisclosure of Confidential or Highly Confidential Discovery Materials

14. Confidential and Highly Confidential Discovery Materials shall not be disclosed to any person except those to whom disclosure is permitted by this Consent Protective Order. No person to whom Confidential or Highly Confidential Discovery Materials is disclosed shall disclose such Discovery Materials to any person to whom disclosure is not authorized by the terms of this Consent Protective Order, nor shall any disclosure of such Discovery Materials be made except for a purpose permitted by this Consent Protective Order. All Confidential or Highly Confidential Discovery Materials produced or exchanged in the course of this action shall be used

solely for the purpose of this action, unless otherwise agreed in writing, or ordered by this court; provided, however, no Party shall be precluded from using knowledge of the existence of Discovery Materials designated Confidential or Highly Confidential under this Consent Protective Order for the purpose of conducting discovery or formulating discovery requests in other litigation between Parties to this action or their affiliates.

15. Discovery Materials designated as Highly Confidential shall not be given, shown, made available, discussed or otherwise communicated to anyone other than:

    a. Attorneys of record and employees of attorneys of record who have a direct functional responsibility for the proceedings in this action; and

    b. Experts, consultants, and other persons retained to assist in the preparation of this action after executing the non-disclosure declaration in the form attached hereto as Exhibit A; and

    c. The Court, its staff, and the jury; and

    d. Any other person upon: (i) order of the Court, entered after notice to the Parties; or (ii) written agreement of, or statement on the record by, the Producing Party consenting to disclosure.

16. Discovery Materials designated as Confidential shall not be given, shown, made available, discussed, or otherwise communicated to anyone other than:

    (a) persons to whom Highly Confidential Discovery Materials may be disclosed; and

    (b) Parties and their officers, directors, contractors, owners, employees, agents, or other persons, who might testify on any Party's behalf or who are aiding a Party in the prosecution or defense of this action after executing the non-disclosure declaration in the form attached hereto as Exhibit A; and

    (c) any actual or intended recipient of the Discovery Materials; and

    (d) Any person who has already had access to the Discovery Materials in question before the entry of this Consent Protective Order; and

    (e) Any person regularly employed by, and working under the supervision of, counsel of record for the Parties, including persons providing outside copying, graphic

design, and computer services for them under contract, who have a need to use the Discovery Materials to perform their duties in connection with this action; and

(f) Court reporters, stenographers, and videographers called upon to record or transcribe deposition testimony or other testimony in this case; and

(g) Any mediator who is engaged to assist the Parties in settlement negotiations after executing the non-disclosure declaration in the form attached hereto as Exhibit A; and

(h) Witnesses, to the extent necessary, during interviews conducted for the purpose of prosecution or defense of this action, during the preparation of their deposition or trial testimony, during their depositions, or at any hearing or trial.

17. If one Party desires to disclose Confidential or Highly Confidential Discovery Materials to a person to whom disclosure is not permitted by Paragraphs 15–16 of this Consent Protective Order, the Party desiring disclosure must provide reasonable notice to the Designating Party of its desire and identify the documents it wishes to disclose. The Designating Party shall have five business days to respond to the notice and, if the Parties are unable to agree, the matter may be referred to the Court for resolution. The burden shall be upon the Party desiring to disclose the Discovery Materials designated as Confidential or Highly Confidential to establish that such designation is inappropriate.

18. A copy of a non-disclosure declaration substantially in the form attached hereto as Exhibit A shall be signed by all persons designated pursuant to Paragraph 17 prior to disclosure of Confidential or Highly Confidential Discovery Materials to any such person. Such signed declaration shall be maintained by the outside counsel of record in this action for the Party that discloses to any such person Discovery Materials that another Party has designated as Confidential or Highly Confidential. The signed non-disclosure declaration shall be produced to all counsel of record in this action prior to such person being permitted to testify (at deposition or trial). Copies of the non-disclosure declarations shall not be disclosed except with written consent of the attorney maintaining them or upon written order of the Court issued after a hearing and good cause shown.

Should any of the above persons refuse to sign the non-disclosure declaration, then they shall not be allowed to view the Discovery Materials designated as Confidential or Highly Confidential outside of an office of counsel of record or at the deposition, hearing, or trial.

19. Nothing in this Consent Protective Order makes discoverable the identity, opinion, or work product of any consulting expert or expert witness. Discovery of information relating to consulting experts or expert witnesses shall be governed by the Federal Rules of Civil Procedure.

20. The terms of this Consent Protective Order shall also apply to the sections within any notes, summaries, abstracts or analyses prepared by counsel, expert witnesses, or consulting experts who have access to Confidential or Highly Confidential Discovery Material and which reflect any underlying Confidential or Highly Confidential information, observations, or conclusions drawn therefrom. The terms of this paragraph shall only apply to the specific sections of the notes, summaries, abstracts or analyses so designated. If the nature of the Discovery Material intended to be protected under this Consent Protective Order makes it undesirable, difficult, or impossible to physically mark the Discovery Material as Highly Confidential or Confidential, the Designating Party may invoke the protections of this Consent Protective Order by including a writing with such Discovery Material indicating the designation and specifically identifying what portions of the produced Discovery Material are so designated.

## **Discovery Materials Filed with the Court**

21. Any Highly Confidential or Confidential Discovery Material which is filed with the Court shall be electronically and provisionally filed under seal and shall be accompanied by a motion to seal pursuant to LCvR 6.1. Any party may oppose sealing by responding to the Motion to Seal in accordance with LCvR 7.1.

22. Should a Party file a written opposition to a motion to seal Highly Confidential or Confidential Discovery Materials, the Designating Party bears the burden to show cause for

maintaining the seal under applicable standards and if the Designating Party cannot meet its burden and the Court so finds, the seal shall be lifted.

23. Highly Confidential or Confidential Discovery Materials may be offered into evidence at trial or any hearing or oral argument; provided, that the Party seeking to introduce such Discovery Materials gives at least five days advance notice to the Court and counsel for the Parties and counsel for the Designating Party, if not a Party. Any Party or Designating Party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure, including without limitation removal from the courtroom of persons not authorized by this Consent Protective Order to receive the Discovery Materials. If presented at trial before a jury, the status of the evidence as Highly Confidential or Confidential Discovery Materials shall not be disclosed to the jury. However, in hearings or during trial, post-trial, or any appeal, any Party may use any Discovery Materials designated as Confidential or Highly Confidential, or anything derived or compiled therefrom, and may freely quote from same without regard to this Consent Protective Order if the Party in good faith believes it is necessary.

**General Conditions**

24. No Party shall be obligated to challenge the propriety of any designation of Confidential or Highly Confidential Discovery Materials and a failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

25. Nothing shall prevent general disclosure beyond the terms of this Consent Protective Order if the Designating Party consents to such disclosure in writing in advance.

26. Discovery Materials unintentionally produced without being designated as Confidential or Highly Confidential may be subsequently so designated in the manner provided by this Consent Protective Order. If a claim of inadvertent failure to designate is made pursuant to this paragraph, the Receiving Party shall, within three business days of receiving written notice

of the inadvertent failure to designate, promptly retrieve the document and any copies or material derived therefrom, place the appropriate designation on the document as requested by the Designating Party, and certify in writing to the Designating Party that it has done so. The provisions of this Consent Protective Order shall govern any document inadvertently not designated Confidential or Highly Confidential from the date notice of inadvertent failure to designate is received. The Receiving Party may move the Court for an order that the designation is unwarranted, but said motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent failure to designate.

27. If Discovery Materials subject to a claim of attorney-client privilege, attorney work product or any other ground upon which production of such Discovery Materials should not be made to any Party is nevertheless inadvertently produced to such Party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party would otherwise be entitled. If a claim of inadvertent production is made pursuant to this paragraph, with respect to Discovery Materials then in the custody of another Party, such Party shall promptly return to the Producing Party that material, as well as any copies thereof, or any material derived therefrom, as to which the claim of inadvertent production has been made, and the Receiving Party shall not use such Discovery Materials for any purpose until further order of the Court. The Receiving Party returning such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production. Nothing in this paragraph is intended to alter or limit the provisions of Fed. R. Civ. P. 26(b)(5)(B).

28. Each of the Parties hereto shall be entitled to seek modification of this Consent Protective Order for good cause shown by application to the Court on notice to the other Parties hereto.

29. Entering into this Consent Protective Order, agreeing to produce, producing, or receiving Discovery Material designated Confidential or Highly Confidential, or otherwise complying with the terms of this Consent Protective Order shall not:

(a) operate as an admission by any Party that any particular Discovery Material contains or reflects Trade Secrets or any other type of confidential information; or

(b) prejudice in any way the rights of any Party to object to the production of documents they consider not subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular Discovery Materials deemed by any Party to be Confidential or Highly Confidential; or

(c) prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Consent Protective Order; or

(d) prejudice in any way the rights of any Party to seek a determination by the Court whether any Discovery Material should be subject to the terms of this Consent Protective Order; or

(e) prevent the Parties to this Consent Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

30. This Consent Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own Discovery Material for any purpose. Nothing contained in this Consent Protective Order shall prevent a Producing Party from disclosing Discovery Material to officers, directors or employees of, or to experts, consultants, or witnesses for, the Producing Party that produced the Discovery Material.

31. Upon execution of this Consent Protective Order, the Parties agree to be bound by its terms pending approval of the same by the Court, and any violation of its terms shall be subject

to the same sanctions and penalties, as if this Consent Protective Order had been entered by the Court without consent.

33. If any Receiving Party is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Discovery Material which has been designated as Confidential or Highly Confidential in this action by someone other than the Receiving Party, the Receiving Party shall: (i) give prompt written notice by hand, electronic, or facsimile transmission within three business days of receipt of such subpoena or document demand, to the Designating Party who designated the Discovery Material Confidential or Highly Confidential; and (ii) at the expense of the Designating Party, object to the production of such designated Discovery Material on the grounds of the existence of this Consent Protective Order. The burden of opposing the enforcement of the subpoena or document demand shall fall upon the Designating Party who designated the Discovery Material, who may serve its own objections to the subpoena or document demand and who will be given adequate opportunity to be heard on any objections to it. To the extent permitted by law, unless and until a court of competent jurisdiction overrules the objections made and orders production of the Discovery Material or any document containing the information derived from Confidential or Highly Confidential Discovery Material, the Receiving Party, shall not produce any Discovery Materials designated Confidential or Highly Confidential or any information derived from such designated Discovery Materials. Compliance by the Receiving Party with any order directing production pursuant to the subpoena of any designated Discovery Material shall not constitute a violation of this Consent Protective Order.

33. Nothing herein shall prevent any counsel of record from using Confidential or Highly Confidential Discovery Materials in the examination or cross-examination of any person

who is indicated on the document as being an author, source or recipient of the Confidential or Highly Confidential Discovery Materials, irrespective of who produced such Discovery Materials.

34. Counsel may exclude from the room during a deposition, hearing or other proceeding at which Confidential or Highly Confidential Discovery Material likely will be disclosed, any person (other than the witness who is then testifying) who is not entitled under this Consent Protective Order to receive or review such Discovery Material. Nothing herein shall prevent any counsel of record from using Confidential Discovery Materials in the deposition of any Party representative or third party.

35. No Discovery Materials shall be designated as Confidential or Highly Confidential if the Receiving Party can show by clear and convincing evidence that the Discovery Materials:

    (a)    are already in the public domain at the time of disclosure; or

    (b)    become part of the public domain at any time so long as the Discovery Material did not enter the public domain as a result of a violation of this Consent Protective Order, breach of any duty or agreement, or other wrongful act; or

    (c)    were in its rightful and lawful possession at the time of disclosure without otherwise being subject to this Consent Protective Order, being a breach of any duty or agreement, or being any other wrongful act; or

    (d)    were lawfully received at a later date from a third party without restriction as to disclosure; provided, such third party has the right to make the disclosure to the Receiving Party without otherwise being subject to this Consent Protective Order, breach of any duty or agreement, or other wrongful act; or

    (e)    were within the personal knowledge of the Receiving Party before receiving the Discovery Materials from the Producing Party in discovery in this action and that the Discovery Materials are not a Trade Secret; provided, however, that any physical manifestation of Discovery Materials provided by the Producing Party including, but not limited to, documents, electronic files, and electronic media will remain Confidential or Highly Confidential, as applicable.

36. Upon the completion of this action and any proceedings in this matter including appeals, counsel of record for the Parties in this action shall collect all Confidential and Highly Confidential Discovery Materials, which shall be treated, respectively, as follows: (a) all

documents filed under seal with the Court shall remain under seal or returned to the Producing Party; (b) counsel may retain their copies of court filings, attorney work product containing or referencing Confidential or Highly Confidential Discovery Materials, and attorney work product reflecting another entity's Confidential or Highly Confidential Discovery Materials, subject to the terms of this Consent Protective Order; and (c) all other Confidential and Highly Confidential Discovery Materials shall be collected by counsel and destroyed, with written notice of destruction provided to counsel for the Producing Party.

37. The ultimate disposition of the protected materials is subject to final order of the court on the completion of this action after the Parties have exhausted all appeals.

38. The prohibitions of this Consent Protective Order which restrict the disclosure and use of Confidential or Highly Confidential Discovery Materials shall continue to be binding after the conclusion of this action and this court shall retain jurisdiction to enforce the terms of this Consent Protective Order.

39. This Consent Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any Party or person with respect to Confidential or Highly Confidential Discovery Materials, including any obligation or right in any other legal proceeding.

**SO ORDERED.**

Signed: February 21, 2020

_____
David S. Cayer
United States Magistrate Judge

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:10-CV-00472-KDB-DSC

| | |
|---|---|
| Thomas L. Mason, M.D., <br> Steven G. Folstad, M.D., and <br> Mid-Atlantic Emergency Medical Associates, PLLC, <br>     Plaintiffs, <br> v. <br> Community Health Systems, Inc.; <br> Health Management Associates, LLC, f/k/a Health Management Associates, Inc.; <br> Mooresville Hospital Management Associates, LLC d/b/a Lake Norman Regional Medical Center; <br> Statesville HMA, LLC d/b/a Davis Regional Medical Center; <br> Envision Healthcare Corporation, f/k/a Emergency Medical Services Corporation, <br> EmCare, Inc., <br> EmCare Holdings, Inc., and <br> Emergency Medical Services, LP, <br>     Defendants. | **NON-DISCLOSURE DECLARATION** |

      I have read and am familiar with the contents of the Consent Protective Order governing disclosure by third parties of Confidential and Highly Confidential information in this matter and I agree to abide by all the terms of the Consent Protective Order. I further agree not to reveal or otherwise communicate any Confidential or Highly Confidential information disclosed to me to anyone except in accordance with the terms of the Consent Protective Order and will abide by the provisions of the Consent Protective Order requiring me to make objection and provide

notice should the Confidential or Highly Confidential information be subpoenaed by a third party. I agree to not make use of any Confidential or Highly Confidential information disclosed to me, other than for the purposes of this proceeding. I also hereby submit to the jurisdiction of the court in which this proceeding is pending for the purpose of the administration and enforcement of the Consent Protective Order.

       I declare under penalty of perjury that the foregoing is true and correct.

       Executed on _____.

_____
Signature

_____
Type or Print Name

_____

_____
Address

_____
Telephone Number

**Stipulation and Consent**

The Parties to this action, by and through their respective attorneys of record, hereby stipulate and consent to the entry of the above Consent Protective Order.

This the 21st day of February 2020.

| | |
|---|---|
| **BRADLEY ARANT BOULT CUMMINGS LLP** | */s/ David A. Brown*<br>David A. Brown (N.C. Bar No. 48997)<br>dbrown@flannerygeorgalis.com |
| */s/ Matthew S. DeAntonio*<br>Christopher C. Lam (N.C. Bar No. 28627)<br>clam@bradley.com<br>Matthew S. DeAntonio (N.C. Bar No. 39625)<br>mdeantonio@bradley.com | **FLANNERY \| GEORGALIS LLC**<br>212 South Tryon Street, Suite 1410<br>Charlotte, NC 28281<br>Telephone: (714) 949-2251 |
| 214 N. Tryon Street, Suite 3700<br>Charlotte, North Carolina 28202<br>Telephone: (704) 338-6059<br>Fax: (704) 338-6099 | George B. Breen (*pro hac vice*)<br>gbreen@ebglaw.com<br>Richard W. Westling (*pro hac vice*)<br>rwestling@ebglaw.com |
| Charles J. Mataya (*pro hac vice)*<br>cmataya@bradley.com<br>John P. Rodgers (*pro hac vice*)<br>jrodgers@bradley.com<br>1600 Division Street, Suite 700<br>Nashville, TN 37203<br>Telephone: (615) 252-2324<br>Fax: (615) 252-6324 | **EPSTEIN BECKER & GREEN, P.C.**<br>1227 25th Street, N.W., Suite 700<br>Washington, DC 20037<br>Telephone: (202) 861-0900<br>Fax: (202) 861-2882 |
| | *Counsel for Defendants Envision Healthcare Corporation, EmCare, Inc., EmCare Holdings, Inc., and Emergency Medical Services, LP* |
| *Counsel for Defendants Health Management Associates, LLC, Mooresville Hospital Management Associates, LLC and Statesville HMA, LLC* | |

*/s/ Thomas D. Myrick*
Thomas D. Myrick
NC State Bar No. 12645
Paul J. Peralta
NC State Bar No. 34622
Benjamin Earl Shook
NC State Bar No. 44793
Emily C. Pera
NC State Bar No. 51317

**MOORE & VAN ALLEN PLLC**
Bank of America Corporate Center
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Telephone: (704) 331-1126
Facsimile: (704) 331-1159
Email: tommyrick@mvalaw.com

James F. Wyatt, III
NC State Bar No. 13766
Robert A. Blake, Jr., Esquire
NC State Bar No. 20858

**WYATT & BLAKE, LLP**
435 East Morehead Street
Charlotte, NC 28202-2609
Tele. No.: (704) 331-0767
Fax: (704) 331-0773

Marc S. Raspanti
Admitted *Pro Hac Vice*
Pamela Coyle Brecht
Admitted *Pro Hac Vice*

**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Tele. No.: (215) 320-6200
Fax: (215) 981-0082

*Counsel for Plaintiffs*

Page 19 of 19
CHAR2\2152263v1