# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:10-CV-00472-KDB-DSC

| | |
|---|---|
| **THOMAS L. MASON M.D. et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **HEALTH MANAGEMENT** ) | |
| **ASSOCIATES LLC et. al.,** ) | |
| ) | |
| **Defendants.** ) | |

**THIS MATTER** is before the Court on the following Motions:

1. "HMA Defendants' Motion for a Protective Order and to Quash Subpoenas" (document #137);

2. "Plaintiffs' Motion to Compel Discovery from the HMA Defendants" (document #140);

3. "Plaintiffs' Motion to Determine the Sufficiency of Responses to Plaintiffs' First Set of Requests for Admission by the HMA Defendants" (document #142);

4. "Plaintiffs' Motion to Compel Discovery from the Emcare Defendants" (document #144);

5. "Plaintiffs' Motion to Determine the Sufficiency of Responses to Plaintiffs' First Set of Requests for Admission by the Emcare Defendants" (document #146);

6. "Defendants Emcare Inc., Emcare Holdings Inc., Emergency Medical Services L.P., and Envision Corporations' Motion to Compel Further Responses to First Set of Interrogatories from Plaintiffs" (document #151);

7. "Defendants Emcare Inc., Emcare Holdings Inc., Emergency Medical Services L.P., and Envision Healthcare Corporations' Motion for Protective Order" (document #153); and

8. "HMA Defendants' Motion for a Protective Order and to Quash Subpoenas to Ronald L. Riner M.D. and the Riner Group Inc., Piotr Galaska M.D., Dale Armour, Stanley Mclemore, Kelly E. Curry, Lynn West and Paul Meyer" (document #174), as well as the parties briefs and exhibits.

The Court has carefully reviewed the Motions, the record and the authorities. Accepting the factual allegations of the Complaint as true, Plaintiff Mid-Atlantic Emergency Medical Associates PLLC ("MEMA") is a North Carolina professional corporation that provides emergency room services under professional services agreements with hospitals in the Charlotte area. MEMA physicians provided ER coverage under these agreements with two hospitals then owned and operated by Defendant Health Management Associates LLC f/k/a Health Management Associates Inc. ("HMA"): Davis Regional Medical Center ("Davis Hospital") beginning November 1, 2000 and Lake Norman Regional Medical Center ("Lake Norman Hospital") beginning July 1, 1996. HMA terminated MEMA's contracts with those hospitals on May 3, 2010.

Plaintiffs Mason and Folstad are the principals in MEMA and board certified emergency medicine physicians. Mason served as ER Director and member of the Medical Executive Committee at Lake Norman Hospital from 1997 to 2010. He also served as the hospital's Chief

of Staff. Folstad served as ER Director at Davis Hospital until 2008 when he became MEMA's CEO.

Plaintiffs allege that HMA terminated their contracts in retaliation for their refusal to participate in a scheme to submit false claims to Medicare, Medicaid and other government funded healthcare programs. Plaintiffs complained about and attempted to stop the fraudulent activity. HMA replaced Plaintiffs' ER services with those provided by the EmCare Defendants. HMA and EmCare made false statements about the quality of Plaintiffs' medical care. EmCare agreed to participate in HMA's false claims scheme if they were awarded the ER contracts.

Plaintiffs originally brought this action as qui tam relators on their own behalf and on behalf of the United States and the states of North Carolina, Florida, Georgia, Oklahoma, Tennessee and Texas against HMA and EmCare for violations of the federal False Claims Act, 31 U.S.C. § 3730 et. seq., ("FCA") and parallel state statutes. In December 2017, EmCare paid $33 million to settle government claims. In September 2018, HMA and its successor in interest paid $262 million to settle government claims, of which $74.5 million arose from ER fraud and $8.96 million related to its relationship with EmCare.

On April 26, 2019, Plaintiffs filed their Third Severed Amended Complaint which contains their remaining claims for FCA retaliation, defamation, and slander per se against the HMA Defendants only, as well as claims for tortious interference with a contractual relationship, unfair and deceptive trade practices, and civil conspiracy against all Defendants.

For the reasons stated in Defendants' briefs, "Plaintiffs' Motion to Determine the Sufficiency of Responses to Plaintiffs' First Set of Requests for Admission by the HMA Defendants" (document #142) and "Plaintiffs' Motion to Determine the Sufficiency of Responses

to Plaintiffs' First Set of Requests for Admission by the Emcare Defendants" (document #146) are <u>denied</u>.

For the reasons stated in their briefs, "Defendants Emcare Inc., Emcare Holdings Inc., Emergency Medical Services L.P., and Envision Corporations' Motion to Compel Further Responses to First Set of Interrogatories from Plaintiffs" (document #151) is <u>granted</u>. Within thirty days of this Order, Plaintiffs shall serve complete supplemental responses to EmCare Defendants' First Set of Interrogatories, Interrogatory Numbers 2-4, 6-10, 12-19, 24, and 28. Plaintiffs' objections to those Interrogatories are overruled. Plaintiffs shall not rely on Rule 33(d) when responding.

The remaining Motions address the scope of discovery. As Defendants argue in their briefs, Plaintiffs are attempting to conduct discovery concerning the national FCA investigation and settlement involving more than sixty hospitals. The Court finds that scope to be disproportionate to the needs of this case.

The appropriate scope of discovery here is whether Plaintiffs participated in protected activities at Lake Norman Hospital and Davis Hospital, whether Defendants had knowledge of those activities, and whether Defendants wrongfully terminated Plaintiffs' contracts with those hospitals.

Accordingly, the remaining Motions (documents ##137, 140, 144, 153 and 174) are each <u>granted in part</u> and <u>denied in part</u> consistent with that scope of discovery. Where Plaintiffs' discovery requests seek information beyond that scope, Defendants' Motions to Quash and for Protective Orders are <u>granted</u>. Where Plaintiffs are attempting to conduct discovery within that

scope, their Motions to Compel are <u>granted</u>. Defendants shall serve discovery responses narrowed to that scope within thirty days from this Order.   Otherwise, those Motions are <u>denied</u>.

The parties shall bear their own costs at this time.

The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Kenneth D. Bell.

**SO ORDERED**.

Signed: September 28, 2020

David S. Cayer
United States Magistrate Judge