# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:10-CV-472-KDB

| | |
|---|---|
| THOMAS L. MASON M.D. et al., <br><br> **Plaintiffs,** <br><br> v. <br><br> HEALTH MANAGEMENT ASSOCIATES LLC et al., <br><br> **Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on Plaintiffs' Objection, (Doc. No. 183), to Magistrate Judge David Cayer's September 28, 2020 Order, (Doc. No. 182) ("the Order"), resolving numerous discovery motions filed by both Plaintiffs and Defendants. At Plaintiffs' request, this Court held a hearing on the objections on December 3, 2020. After carefully considering the parties' written briefs and oral arguments, the Court will deny Plaintiffs' objections to the Magistrate Judge's ruling on Plaintiffs' Motion to Determine the Sufficiency of Responses to Plaintiffs' First Set of Requests for Admission by the HMA Defendants (Doc. No. 142), Plaintiffs' Motion to Determine the Sufficiency of Responses to Plaintiffs' First Set of Requests for Admission by the EmCare Defendants (Doc. No. 146), and Defendants EmCare Inc., EmCare Holdings Inc., Emergency Medical Services L.P., and Envision Corporations' Motion to Compel Further Responses to First Set of Interrogatories from Plaintiffs (Doc. No. 151). The Court will take Plaintiffs' objections to the rulings on all other motions under advisement pending receipt of further information from the parties.

## I. RELEVANT BACKGROUND

Plaintiffs, a corporation that provides emergency room ("ER") services under professional service agreements to local hospitals and two of their ER doctors, originally brought this action as *qui tam* relators on their own behalf and on behalf of the United States. Plaintiffs allege that the HMA Defendants terminated their contracts in retaliation for their refusal to participate in a nation-wide scheme to submit false claims to Medicare, Medicaid, and other government funded healthcare programs. After Plaintiffs complained about and attempted to stop the fraudulent activity at Lake Norman and Davis Regional hospitals, the HMA Defendants replaced Plaintiffs' ER services with those provided by the EmCare Defendants who allegedly agreed to participate in HMA's fraudulent scheme in exchange for ER contracts. In addition to their retaliation claims under federal and state law, Plaintiffs assert claims for tortious interference with contract, unfair and deceptive trade practices, civil conspiracy, and defamation and slander per se.[1] A more detailed description of the allegations and history of this case can be found in the Order and the Court's order on Defendants' motions to dismiss, (Doc. No. 115).

In the Order, the Magistrate Judge resolved eight pending discovery motions (Doc. Nos. 137, 140, 142, 144, 146, 151, 153, 174). The majority of the motions stem from the parties' fundamental disagreement on the appropriate scope of discovery. Plaintiffs wish to obtain discovery from a broad range of hospitals owned by HMA in an effort to show a nation-wide conspiracy between the Defendants, while Defendants seek to limit discovery only to the Lake Norman and Davis Regional hospitals where Plaintiffs worked. The other motions involve specific responses to various discovery requests.

---

[1] While the Court dismissed Plaintiffs independent claim for civil conspiracy (as North Carolina law does not recognize an independent cause of action for civil conspiracy), it allowed Plaintiffs to proceed with civil conspiracy as a theory for damages. (Doc. No. 115).

2

The Order describes the appropriate scope of discovery as follows: "The appropriate scope of discovery here is whether Plaintiffs participated in protected activities at Lake Norman and Davis Hospital, whether Defendants had knowledge of those activities, and whether Defendants wrongfully terminated Plaintiffs' contracts with those hospitals." (Doc. No. 182, at 4). The Order further denies Plaintiffs' motions against each Defendant requesting the Court to determine the sufficiency of Defendants' answers to Plaintiffs' first set of requests for admission (Doc. Nos. 142, 146) and grants the EmCare Defendants' Motion to Compel Further Responses to the First Set of Interrogatories (Doc. No. 151). Plaintiffs filed their objections to the Order on October 13, 2020. (Doc. No. 183).

## II. LEGAL STANDARD

A district court judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, including discovery disputes. *See* 28 U.S.C. § 636(b)(1)(A). Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters, such as discovery orders, within 14 days after being served with a copy of the order. Fed. R. Civ. P. 72(a). When a party timely objects to a magistrate judge's ruling on a non-dispositive discovery issue, the district court will modify or set aside any part of the order only if it is "clearly erroneous or is contrary to law." *Id.*

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Walton v. Johnson*, 440 F.3d 160, 173-74 (4th Cir. 2006). "If a magistrate judge's order is contrary to law then the judge must have failed to apply or misapplied statutes, case law, or

3

Case 3:10-cv-00472-KDB   Document 194   Filed 12/07/20   Page 3 of 8

procedural rules." *Winthrop Resources Corp. v. Commscope, Inc. of North Carolina*, No. 5:11-CV-172, 2014 WL 5810457, at *1 (W.D.N.C. Nov. 7, 2014).

## III. DISCUSSION

On July 6, 2020, Plaintiffs filed two motions asking the Court to determine the sufficiency of the HMA and EmCare Defendants' responses to certain requests for admission ("RFAs"). (Doc. Nos. 142, 146). In connection with the alleged fraudulent conspiracy noted above, the HMA Defendants entered into a settlement agreement with the DOJ. As part of that agreement, the HMA Defendants signed a Non-Prosecution Agreement ("NPA") and a related Statement of Facts ("SOF"). Pursuant to the NPA, the HMA Defendants affirmed that they would not "make any public statement, in litigation or otherwise, contradicting . . . the facts described" in the NPA SOF. (Doc. No. 122-1, at 4). As part of their RFAs, Plaintiffs primarily sought admissions related to the NPA SOF from both the HMA Defendants and the EmCare Defendants. In their RFAs, Plaintiffs repeatedly cited to a specific paragraph in the NPA SOF followed by a revised description of those facts. The HMA Defendants responded to the requests by answering in part and objecting in part. For many of the objections, the HMA Defendants responded that the NPA SOF "speaks for itself." Plaintiffs argued in their motion before the Magistrate Judge that the HMA Defendants impermissibly asserted answers *and* objections to their requests and failed to properly respond to the substance of the specific NPA SOF requests.

Plaintiffs' RFAs to the EmCare Defendants similarly focused on the NPA SOF. The EmCare Defendants objected to the RFAs on the basis that the Plaintiffs improperly incorporated an external document and stated that they were not a party to the NPA, did not agree to the NPA SOF, and did not review the contents of the NPA or NPA SOF. Plaintiffs argued in their motion before the Magistrate Judge that the EmCare Defendants impermissibly asserted answers *and*

objections to the requests, are fully capable of admitting the substance of the RFAs, and failed to make a reasonable inquiry into the requests.

The Order denies both motions to determine the sufficiency of Defendants' responses. (Doc. No. 182, at 3-4). Plaintiffs object, arguing that the Order is clearly erroneous because it ignores the requirements of Rule 36 and allows the HMA Defendants to avoid their responsibilities and obligations under the NPA.

Requests for admission are governed by Federal Rule of Civil Procedure 36, which requires that a party's RFA be admitted or denied, or, "when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Further, the answering party may assert that it lacks sufficient knowledge to admit or deny a particular RFA "if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.*

After considering Rule 36, the Plaintiffs' RFAs, Defendants' responses, and the written and oral arguments of counsel, the Court cannot conclude that the rulings on Plaintiffs' motions concerning Defendants' RFA responses are clearly erroneous or contrary to law. In their response to Plaintiffs' objection that the RFA answers were improper, the HMA Defendants point to various cases holding that a party's incorporation by reference of another document into an RFA (here the NPA SOF) is generally improper. *See, e.g.*, *Sparton Corp. v. United States*, 77 Fed. Cl. 10, 19 (2007); *Martin Mariette Materials, Inc. v. Bedford Reinforced Plastics, Inc.*, 2007 WL 1300772, at * 3 (W.D. Pa. May 2, 2007); *Sec. & Exch. Comm'n v. Micro-Moisture Controls, Inc.*, 21 F.R.D. 164, 166 (S.D.N.Y. 1957). The HMA Defendants argue that rather than simply object or deny the admission without explanation, which the Rule and caselaw would

plainly allow (if done in good faith), they answered the RFAs by responding that the NPA SOF "speaks for itself." The HMA Defendants claim that this answer was intended to enable them to fulfill their obligation under the NPA—that they not contradict the SOF—while denying that Plaintiffs' alteration to that language was truthful and denying that Lake Norman and Davis Regional hospitals were specifically identified in the SOF or were participants in the conduct described. Indeed, even Plaintiffs acknowledge that the DOJ investigation and SOF did not primarily involve Lake Norman and Davis Regional hospitals. Thus, while the HMA Defendants' responses to the RFAs might have been more detailed or more fully explained their position, the Court does not find that the responses were made in bad faith or otherwise violate Rule 36.

The EmCare Defendants similarly denied the RFAs incorporating the SOF from the HMA Defendants and DOJ's NPA. Plaintiffs do not dispute that the EmCare Defendants were not a party to the SOF, had no part in negotiating the SOF, and are not bound by the SOF. Accordingly, it appears Plaintiffs' use of the NPA SOF in its RFAs to EmCare is more of an attempt to tie the EmCare Defendants to the NPA SOF than an effort to determine the truth of the facts contained in the requests. Accordingly, the Court does not find that the EmCare Defendants' responses to the RFAs at issue violate Rule 36.

Notably, as acknowledged by Defendants at oral argument, Plaintiffs could have avoided these disputes by directly asking Defendants to admit or deny precise facts rather than referencing the lengthy description of the facts in the SOF and then altering the language. Moreover, Plaintiffs' objections to the rulings on the RFAs are largely a repackaging of the arguments made in the predicate motions that were before the Magistrate Judge. Plaintiffs, perhaps disappointed by the consequences of their imprecise drafting of the RFAs, hope that this

6

Court will take another (and hopefully more favorable) look at their underlying motions. However, they have failed to particularly describe how the Order is clearly erroneous or contrary to law with respect to these motions. Therefore, the ruling on Plaintiffs' motions to determine the sufficiency of the Defendants' responses to their RFAs will not be overturned.

As for the EmCare Defendants' Motion to Compel (Doc. No. 151), Plaintiffs informed the Court that they have already complied with the Order's ruling on that issue and Defendants made no objection to that representation. Thus, Plaintiffs' objection to the Order granting the EmCare Defendants' Motion to Compel will be denied as moot.

The Court will take under advisement the Order's rulings regarding the scope of discovery pending receipt of further information from the parties as specified at the hearing.

## IV. ORDER

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiffs' objection to the Magistrate Judge's ruling on Plaintiffs' Motion to Determine the Sufficiency of Responses to Plaintiffs' First Set of Requests for Admission by the HMA Defendants (Doc. No. 142) is **DENIED**;

(2) Plaintiffs' objection to the Magistrate Judge's ruling on Plaintiffs' Motion to Determine the Sufficiency of Responses to Plaintiffs' First Set of Requests for Admission by the EmCare Defendants (Doc. No. 146) is **DENIED;**

(3) Plaintiffs' objection to the Magistrate Judge's ruling on Defendants EmCare Inc., EmCare Holdings Inc., Emergency Medical Services L.P., and Envision Corporations' Motion to Compel Further Responses to First Set of Interrogatories from Plaintiffs (Doc. No. 151) is **DENIED AS MOOT**; and

(4) All other matters are taken under advisement pending receipt of further information from the parties as directed by the Court during the hearing on December 3, 2020.

**SO ORDERED.**

Kenneth D. Bell
United States District Judge

Signed: December 7, 2020