IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-CV-00472-KDB

THOMAS L. MASON, ET AL.,

    Plaintiffs,

    v.

HEALTH MANAGEMENT
ASSOCIATES, LLC, ET AL.,

    Defendants.

**ORDER**

**THIS MATTER** is before the Court *sua sponte*. Currently pending before the Court is a discovery dispute related to Plaintiffs' request for production of certain documents and various interrogatories propounded by Plaintiffs. *See* Doc. Nos. 243, 255. In their arguments seeking and opposing the requested discovery, both parties have raised the issue of "proportionality." *See* Doc. Nos. 244, 257. That is, Federal Rule of Civil Procedure 26 requires that discovery must be "proportional to the needs of the case." *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019). More specifically in this context, proportionality requires courts to consider, among other things, "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Applying this principle, each side argues that the amount ultimately at stake in the case supports their position.

However, perhaps not unexpectedly, the parties disagree widely on how much in damages Plaintiffs could receive if they are successful. Therefore, in considering the issue of "proportionality," the Court believes it would benefit by the filing of short additional memoranda of law focused solely on the issue of damages. Accordingly, the Court directs the parties to each

1

file on or before September 1, 2022, a memorandum of no more than 10 pages in length stating their position on the likely estimated amount of damages (understanding that any number is only a non-binding estimate[1]) and generally how damages should be calculated. Further, the parties should specifically address in their memoranda whether Plaintiffs are required to mitigate their damages and how, if at all, their earnings following the termination of their contracts should be offset against any claimed damages. No response or reply briefs may be filed by any party.

    **SO ORDERED ADJUDGED AND DECREED**.

Signed: August 17, 2022

Kenneth D. Bell
United States District Judge

---

[1] And, of course, if the matter goes to trial it will ultimately be for the jury as the trier of fact to determine whether and to what extent Plaintiffs have proven their damages with reasonable certainty, including, for example, the length of time for which Plaintiffs are entitled to claim damages beyond the date of the termination of their contracts.