IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-CV-00472-KDB

| | |
|---|---|
| THOMAS L. MASON, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> HEALTH MANAGEMENT ASSOCIATES, LLC, ET AL., <br><br> Defendants. | <u>ORDER</u> |

**THIS MATTER** is before the Court on Defendants Health Management Associates, LLC ("HMA"), Mooresville Hospital Management Associates, LLC ("Lake Norman"), and Statesville HMA, LLC's ("Davis Regional") (collectively, the "HMA Defendants") Motion for Partial Summary Judgment on Damages, (Doc. No. 271), and Plaintiffs Mid-Atlantic Emergency Medical Associates, LLC ("MEMA"), Thomas L. Mason, M.D., and Steven G. Folstad, M.D.'s Motion to Strike Declaration of W. James Lloyd (Doc. No. 289). The Court has carefully considered these motions and the parties' briefs and exhibits. For the reasons discussed below, the Court will deny both motions. As argued by Plaintiffs, the Court finds that any final ruling on damages at this time would be premature. Also, having determined that it will not decide the substantive motion, the Court need not reach Plaintiffs' motion to strike, which will be denied as moot.

I.      **LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *United States v. 8.929 Acres of Land in Arlington Cnty., Virginia*, 36 F.4th 240, 252 (4th Cir. 2022) (quoting Fed.

1

R. Civ. P. 56(a)); *see United States, f/u/b Modern Mosaic, LTD v. Turner Construction Co., et al.*, 946 F.3d 201, 206 (4th Cir. 2019). A factual dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *8.929 Acres of Land,* 36 F.4th at 252. "A fact is material if it might affect the outcome of the suit under the governing law." *Id.*, (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013)).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact through citations to the pleadings, depositions, answers to interrogatories, admissions, or affidavits in the record. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (when the nonmoving party "has failed to make a sufficient showing on an essential element of [his] claim with respect to which [he] has the burden of proof," summary judgment is warranted); *United States ex rel. Gugenheim v. Meridian Senior Living, LLC*, 36 F.4th 173, 178 (4th Cir. 2022). If the movant satisfies his initial burden to demonstrate "an absence of evidence to support the nonmoving party's case," the burden shifts to the nonmovant to "present specific facts showing that there is a genuine issue for trial." *8.929 Acres of Land,* 36 F.4th at 252, quoting *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Hixson v. Moran*, 1 F.4th 297, 302 (4th Cir. 2021). Rather, the nonmoving party must establish that a material fact is genuinely disputed by, *inter alia*, "citing to particular parts of the materials of record" and cannot rely only on "conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." Fed. R. Civ. P. 56(c)(1)(A); *8.929 Acres of Land,* 36 F.4th at 252, quoting *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

Still, summary judgment is not intended to be a substitute for a trial of the facts. *Anderson*, 477 U.S. at 249. In determining if summary judgment is appropriate, "courts must view the evidence in the light most favorable to the nonmoving party and refrain from weigh[ing] the evidence or mak[ing] credibility determinations." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted) (quoting *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017). "Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015) (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)). In the end, the relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

With respect to the timing of motions for summary judgment, Rule 56(d) of the Federal Rules of Civil Procedure provides that, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "Such a request is 'broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council Baltimore*, 721 F.3d 264, 281(4th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). Accordingly, summary judgment is not appropriate prior to the completion of relevant discovery. *See Webster v. Rumsfeld*, 156 F. App'x 571, 576 (4th Cir. 2005);

3

*Rudolph v. Buncombe Cty. Gov't*, 2011 U.S. Dist. LEXIS 53057, (W.D.N.C. May 17, 2011) (dismissing motion for summary judgment filed before the discovery deadline).

## II.  DISCUSSION

### A.  Motion for Partial Summary Judgment

Plaintiffs accuse the HMA Defendants of unlawfully terminating their contracts to provide physician staffing for the emergency room at Lake Norman and Davis Regional hospitals after the Plaintiffs refused to participate in and complained about their alleged fraudulent handling of medical treatment and billing. Specifically, Plaintiffs have filed claims against the HMA Defendants under the federal and North Carolina False Claims Acts (collectively, the "FCA") as well as tortious interference with contract, defamation, and violation of the North Carolina Unfair and Deceptive Trade Practices Act ("NCUDTPA"). Pursuant to 31 U.S.C. § 3730(h) and N.C. Gen. Stat. § 1-613, Plaintiffs seek as FCA damages "all relief necessary to be made whole," including "reinstatement with the same seniority status that the employee, contractor or agent would have had but for the discrimination, two times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination including litigation costs and reasonable attorneys' fees." Doc. No. 67 at ¶¶ 209, 216. In addition, they seek similar compensatory damages, exemplary and punitive damages, attorneys' fees and costs on their remaining state law claims. *Id.* at p. 63.

In their motion for partial summary judgment Defendants ask the Court to limit, as a matter of law, Plaintiffs' claims for "lost profit" damages resulting from the termination of the emergency room services contracts. Defendants claim that MEMA's financial records show that Plaintiffs have not suffered any "significant reduction in profits" since the termination. Also, Defendants argue that Plaintiffs' alleged profits have been improperly calculated because the length of the

4

continuation of the contracts used by Plaintiffs is too speculative and "shareholder compensation" has not been fully included as a variable expense. Finally, Defendants assert that MEMA is not entitled to recover profits because Defendants fulfilled the notice provision of the contracts, which were allegedly "terminable for any reason" with proper notice.

While Plaintiffs challenge the merits of Defendants' arguments, their primary response to Defendants' motion is that it is too early for the Court to address these damages issues because the parties have not completed fact discovery nor have the parties' damages experts finalized their reports or been deposed. The Court agrees. Whether or not Plaintiffs have suffered a net loss of income, and, if so, how much have they lost – taking into account the appropriate income, expenses and offsets as well as the period of time for which lost income should be measured – are primarily factual issues[1] that should be decided only after all relevant discovery has concluded (and of course not until trial if the facts are disputed, as seems likely). Therefore, Defendants' motion for partial summary judgment as to damages will be denied as premature. *See* Fed. R. Civ. P. 56(d).

However, even though the Court does not now reach the merits of Defendants' arguments, it would be imprudent not to give the parties guidance as to the likely standard for the measurement of damages to assist the parties in their discovery and analysis as the case moves forward. Specifically, the parties have concentrated on the measure of recoverable damages under the FCA.

---

[1] The Court has already noted that it does not accept Defendants' legal argument that Plaintiffs' damages are foreclosed as a matter of law by the terminable at will notice provisions in the contracts. As the Court previously observed, the HMA Defendants' position would "eviscerate the whole idea of the retaliation claim under the False Claims Act and the other allegations." *See* Doc. No. 284, p. 6:16-22. The fact-finder may consider the HMA Defendants' and their successor's right to terminate the contracts in determining the period over which damages may be awarded, but that right does not, by itself, preclude an award of damages. *See Edwards v. School Bd.*, 658 F.2d 951, 954 (4th Cir. 1981) (reversing district court's limitation of damages and finding that the plaintiff's one-year contract without tenure, "while significant in other contexts, do not control the right to reinstatement or the duration of a Title VII back pay award").

5

Because Plaintiffs concede that the evidence and methodology for calculating damages are substantially similar for all claims, Doc. No. 288 at p. 13, n. 6, the Court will therefore focus on FCA damages.

The measure of FCA damages in a particular case is best revealed by the text of the statute and the nature of the plaintiff seeking relief. First and foremost, Section 3730(h) is intended to primarily be a compensatory not a punitive statute. John T. Boese & Douglas W. Baruch, *Civil False Claims and Qui Tam Actions* § 4.12 (5th Edition, 2022-3 Supp. 2020) ("The statutory language does not, on its face, appear to contemplate the recovery of punitive damages, since it limits the employee, contractor, or agent to that "relief necessary to make that employee, contractor, or agent whole."). Beyond the reference to "make whole" relief, the statute specifically speaks of "but for" causation and "compensation" for special damages "sustained as a result of the discrimination." *See* 31 U.S.C. 3730(h)(1); N.C. Gen. Stat. Ann. § 1-613 (same); *see also Hammond v. Northland Counseling Ctr., Inc.*, 218 F.3d 886, 892 (8th Cir. 2000) (affirming denial of damages where plaintiff obtained new employment and suffered no pecuniary injury "[i]n light of … the statute's explicit aim of compensatory relief"); *United States ex rel. Cody v. Mantech Int'l Corp.*, 746 F. App'x 166, 177 (4th Cir. 2018)(unpublished)("We are convinced therefore that a retaliation claim under the FCA requires proof of "but for" causation.").

Accordingly, a plaintiff bringing a retaliation claim is only entitled to be made whole, not "more than whole." *Travers v. Flight Servs. & Sys., Inc.*, 808 F.3d 525, 544 (1st Cir. 2015); *Schuman v. Lee Cnty. Bd. of Cnty. Commissioners*, 700 F. App'x 907, 908 (11th Cir. 2017); *see also Duke v. Uniroyal Inc.*, 928 F.2d 1413, 1423 (4th Cir. 1991) (ADEA case) (courts should ensure plaintiffs do not receive a "windfall" when awarding damages for wrongful termination). Therefore, as in employment discrimination actions, no matter how egregious an employer's

discriminatory retaliatory conduct, Plaintiffs are limited to the recovery of the amount of damages necessary to make them whole.

Further, to avoid a windfall recovery, an alleged victim of retaliation must make reasonable efforts to mitigate damages and any income received during the relevant "back pay" period must be deducted in calculating how much, if any, is necessary to make him whole. *See U.S. ex rel. Falus v. Interamerican Coll. of Physicians & Surgeons, Inc.,* No. 97 CIV. 1371 RMBTHK, 1999 WL 813473, at *2–3 (S.D.N.Y. Oct. 12, 1999) ("An award of back pay that does not offset the earnings of a plaintiff during the relevant period of time, does more than make a plaintiff whole."). This approach to back pay and mitigation is well-established in the context of Title VII employment discrimination cases, which Plaintiffs suggest that the Court look to for guidance. *See* Doc. No. 288 at 14. The Supreme Court and the lower federal courts, including this Court, have consistently held that claimants in Title VII cases are required to minimize their damages by using reasonable diligence to find other suitable employment, and have required the offset of earnings against lost wages in determining back pay awards. *See Ford Motor Co. v. EEOC,* 458 U.S. 219, 230-31 (1982); *Anderson v. Parkway Acquisition Corp.*, 2022 WL 4239064, at *4 (W.D.N.C. Sept. 14, 2022); *Crump v. United States Dep't of Navy*, 205 F. Supp. 3d 730, 760 (E.D. Va. 2016) (plaintiff's losses "reduced by any interim earnings that she received during the same time period). Therefore, MEMA shareholders affected by the termination of the emergency room contracts were required to find other employment and the resulting income must be considered in calculating their "make whole" compensatory damages.

The second critical factor in understanding and properly measuring Plaintiffs' compensatory damages is MEMA's fundamental nature as a "pass through entity." At the time

7

that it held the Lake Norman and Davis Regional emergency room contracts, MEMA[2] was a professional limited liability company (PLLC). PLLCs permit professionals such as doctors to join together in a corporate entity to limit their liability and manage their business affairs, while allowing the income of the group to simply flow through to them as individual shareholders. *See Va. Historic Tax Credit Fund 2001 LP v. Comm'r*, 639 F.3d 129, 137 (4th Cir. 2011); Doc. No. 272-12 at 7 (MEMA 2010 Form 1120S S Corporation tax return showing pass through of income to shareholders).

B. Motion to Strike

The second motion before the Court is Plaintiffs' motion to strike the declaration of W. James Lloyd, the HMA Defendants' damages expert. Plaintiffs argue that the Court should not consider Mr. Lloyd's declaration because it does not reflect his "final" opinion (because the deadline for serving expert reports is months away) and he has not been deposed. While the Court notes that Plaintiffs have similarly submitted "preliminary" opinions of their own damages expert in opposition to Defendants' motion and it is not unusual for sworn evidence to be considered at summary judgment which has not been tested through a deposition, the Court's denial of the HMA Defendants' motion as premature (without the need to consider Mr. Lloyd's declaration) makes Plaintiff's motion moot, and it will be denied on that ground.

III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The HMA Defendants' Motion for Partial Summary Judgment (Doc. No. 271) is **DENIED without prejudice**;

---

[2] MEMA has since become an "LLC," but any difference does not appear to be relevant to this analysis, which in any event must consider the nature of the MEMA entity at the time of the alleged unlawful conduct not subsequent corporate changes.

2. The Plaintiffs' Motion to Strike (Doc. No. 289) is **DENIED** as moot; and

3. This case shall proceed towards a decision on the merits of the remaining claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 31,

Kenneth D. Bell
United States District Judge