IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-CV-00472-KDB

| | |
|---|---|
| THOMAS L. MASON, ET AL., | |
| Plaintiffs, | |
| v. | **ORDER** |
| HEALTH MANAGEMENT ASSOCIATES, LLC, ET AL., | |
| Defendants. | |

**THIS MATTER** is before the Court on Defendants Health Management Associates, LLC ("HMA"), Mooresville Hospital Management Associates, LLC ("Lake Norman"), and Statesville HMA, LLC's ("Davis Regional") (collectively, "HMA") Motion to Compel Responses to Certain Interrogatories and Requests for Production and to Amend the Case Management Order to Permit Seven Additional Requests for Production. (Doc. No. 329). While on the one hand Plaintiffs appear to concede that HMA is entitled to some amount of additional documents related to Plaintiffs' damages claims ("Plaintiffs fully recognize the need for … an appropriate level of discovery on damages … [so] [t]he main issue … now is how much more do the HMA Defendants need [after Plaintiffs' earlier and promised productions of documents]"), they oppose HMA's motion in its entirety on the grounds that the requests are overbroad, irrelevant and not sufficiently justified by HMA's damages expert. *See* Doc. No. 333 at 2.

1

Recently, at Plaintiffs' request, the Court has granted motions to reconvene certain depositions[1] based on the evolving nature of the litigation and with the overall goal to allow both parties to reasonably obtain information potentially relevant to their claims and defenses. Here, HMA's disputed damages discovery appears to the Court to be within the bounds of permissible discovery and an appropriate effort to react and respond to the Court's recent explanation and clarification of the proper scope of damages. *See* Doc. No. 295. Accordingly, for the reasons and in the manner discussed below, the Court will **GRANT** the motion.

## I. LEGAL STANDARD

The rules of discovery are to be accorded broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *CareFirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc*., 334 F.3d 390, 402 (4th Cir. 2003). Federal Rule of Civil Procedure 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Where a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed. R. Civ. P. 37(a)(3)(B). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *See Earthkind,*

---

[1] A motion to reopen additional depositions has been filed by Plaintiffs. (Doc. No. 338). The Court's ruling on this motion is not intended to in any way suggest or prejudge the merits of that motion, which will be considered separately after it is ripe for a decision. Indeed, while the Court believes that the parties should have a reasonable opportunity to pursue discovery, that view is not unbounded and discovery must come to an end at some point to allow the litigation to proceed.

*LLC v. Lebermuth Co. Inc.*, No. 519CV00051KDBDCK, 2021 WL 183413, at *2 (W.D.N.C. Jan. 19, 2021); *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))); Fed. R. Civ. P. 37(a)(1). Ultimately, the decision to grant or to deny a motion to compel production rests within the broad discretion of the trial court. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion." (citation omitted)); *LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court.").

## II. DISCUSSION

As discussed above, parties are generally entitled to discovery regarding any nonprivileged matter that is relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1). Indeed, relevant information need not be admissible at trial to be discoverable. *Id.*; *see Gaston v. LexisNexis Risk Sols., Inc.*, No. 516CV00009KDBDCK, 2020 WL 1164690, at *1 (W.D.N.C. Mar. 9, 2020). There appears to be no dispute, nor could there be, that documents related to Plaintiffs' damages claims and the "protected activity" alleged by Plaintiffs are generally relevant and discoverable. The devil, as always, is in the details.

Before discussing the disputed discovery requests below, the Court will briefly address the issue of the number of discovery requests. This litigation has already spanned over a decade and consumed a tremendous amount of time and effort by the parties and the Court. The Court's focus, as should be the parties', is on the *merits* of the parties' claims and defenses rather than procedural

disputes that do not further that determination. An argument over the number – rather than the contents - of the challenged discovery requests in this context (where HMA's initial requests were based on Plaintiffs' earliest theory of damages, the Court has recently issued a guiding ruling on damages and HMA has consolidated some of its requests), does nothing more than elevate form over substance. Therefore, the Court will permit HMA to expand the number of discovery requests, so long as they seek permissible discovery (which they do as described below).

Interrogatory No. 27

Interrogatory No. 27 requests that Plaintiffs "identify by Bates number each document that evidences or constitutes MEMA . . . engaging in protected activity under the claims alleged by you in this Lawsuit." HMA contends that Plaintiffs have failed to respond to this interrogatory with particularity. Plaintiffs respond that "protected activity" is a broad concept and that they have sufficiently answered Interrogatory 27 in their incorporated response to Interrogatory 28, which requests that Plaintiffs "identify by Bates number each document that you contend evidences or supports your claim that the contracts between MEMA and Lake Norman, and MEMA and Davis Regional, were terminated in retaliation for protected activity engaged in by MEMA."[2] The Court finds that while documents actually reflecting "protected activity" under the False Claims Act may be included within the scope of the more expansive Interrogatory 28, HMA is entitled to a response to Interrogatory 27 identifying only those documents that Plaintiffs contend "evidence or constitute protected activity," for example, "email communications between MEMA physicians and HMA executives objecting to the pressure to commit fraud and alerting the HMA Defendants to the improper nature of their actions," see Doc No. 334 at 4, or meeting notes that reflect such criticism

---

[2] Plaintiffs also suggest that there is a substantial amount of oral testimony that reflects "protected activity." Even assuming this is true, it is irrelevant to HMA's request for the identification and production of documentary evidence.

4

(as distinguished from all reports of meetings where Plaintiffs allege concerns were raised, but not reflected in the notes). Therefore, Plaintiffs will be compelled to respond to Interrogatory 27.

Interrogatory No. 29 and Requests for Production Related to Damages

The remainder of the discovery requests in dispute[3] relate to damages. As it relates to discovery, Plaintiffs have repeatedly referenced the "substantial amount in controversy" as justification for the breadth of their discovery requests. *See* Doc. No. 183 at 24 ("Plaintiffs are now seeking damages in excess of $100 million on their private causes of action. The amount in controversy warrants robust discovery."); Doc. No. 251 at 11 ("[T]he amount in controversy certainly justifies robust discovery."). Simply put, the Court agrees with HMA that this "robust discovery" should flow equally to HMA, in particular with respect to discovery related to the calculation of Plaintiffs' alleged damages.

Specifically, Plaintiffs object to HMA's damages requests as "overly broad and unduly burdensome." As noted above, Plaintiffs are seeking a substantial amount of damages over a lengthy period of time (15 years) related to the complex financial accounts of a hospital based medical practice, so it is no surprise that damages discovery would be broad and extensive. Further, HMA has proffered its damages expert's declaration that the discovery requested is relevant to his evaluation of Plaintiffs' alleged damages.

In its most recent Order relating to damages, the Court clarified that based on the "make whole" limitations of permissible FCA damages and MEMA's nature as a "flow through entity,"

---

[3] Based on Plaintiffs' representations in their response regarding Request for Production Nos. 51, 52, 67, and 74, including their commitment to produce additional documents responsive to Request Nos. 51 and 67, HMA has withdrawn their motion to compel additional responses to those requests. Therefore, the discovery requests still at issue related to damages are Interrogatory No. 29 and Request for Production Nos. 50, 57, 61, 68, 70, 72, and 73.

the measure of damages should focus on the net losses sustained by those who were MEMA's shareholders at the time of the challenged terminations at Lake Norman and Davis Regional hospitals. *See* Doc. No. 295. Based on that ruling (which necessitates calculation of actual profits and losses over time together with distribution schedules, shareholder information, etc.) and the Court's review of HMA's discovery requests the Court finds that HMA's requests are not overly broad in accordance with the "robust discovery" that the Court has previously allowed.

Further, with respect to Plaintiffs' argument that HMA's discovery is "unduly burdensome," Plaintiffs have not described with any specificity the burden – in terms of hours or expense – they would have to bear in responding to HMA's requests. *See Mason v. Health Mgmt. Assocs., LLC*, No. 3:10-CV-00472-KDB, 2022 WL 4388288, at *2 (W.D.N.C. Sept. 22, 2022) ("[t]he party resisting discovery bears the burden of persuading the Court of the legitimacy of its objections."); *see also, Papanicolas v. Project Execution & Control Consulting, LLC*, No. CIV.A. CBD-12-1579, 2015 WL 1242755, at *2 (D. Md. Mar. 17, 2015) (party opposing discovery must "allege specific facts that indicate the nature and extent of the burden, usually by affidavits or other reliable evidence"). Without such a showing, which Plaintiffs urged the Court to require of HMA with respect to its discovery objections, the Court cannot evaluate the proportionality of the burden imposed by HMA's discovery requests. Accordingly, Plaintiffs' generalized complaints of undue burden cannot be sustained.

Finally, as with Interrogatory No. 27, Plaintiffs argue that documents and information already provided are sufficient responses to HMA's discovery requests. To the extent that Plaintiffs have already produced the specific documents requested (or the documents do not exist or cannot be obtained) then Plaintiffs need only clearly document that information in a supplemental response to HMA's discovery. However, the Court will compel Plaintiffs to produce

the documents requested to the extent they have not previously been produced, even if Plaintiffs hold the view that they are cumulative of other information or otherwise "unnecessary."[4]

Therefore, Plaintiffs will be ordered to fully respond to Interrogatory No. 29 and Request for Production Nos. 50, 57, 61, 68, 70, 72, and 73.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

The HMA Defendants' Motion to Compel Responses to Certain Interrogatories and Requests for Production and to Amend the Case Management Order to Permit Seven Additional Requests for Production (Doc. No. 329) is **GRANTED** as to Interrogatory Nos. 27 and 29 and Request for Production Nos. 50, 57, 61, 68, 70, 72, and 73 as described above.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: January 23, 2023

Kenneth D. Bell
United States District Judge

---

[4] Of course, the Court expects that HMA will act in the utmost good faith in carefully evaluating any particular claim by Plaintiffs that information being requested is not needed in light of other documents already produced.