IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:10-CV-00472-KDB-DSC

Thomas L. Mason, M.D., et al., )
)
Plaintiffs, )
)
vs. )
)  **DEFENDANTS' MOTION FOR**
Health Management Associates, LLC, et al., )  **SUMMARY JUDGMENT**
)
Defendants. )
)
_____ )

Pursuant to Federal Rule of Civil Procedure 56, Defendants Health Management Associates, LLC ("HMA"), Mooresville Hospital Management Associates, LLC ("Lake Norman"), and Statesville HMA, LLC ("Davis Regional") (collectively, "Defendants") move for summary judgment on all claims. In support of this Motion, Defendants show the Court the following:

## *FCA Retaliation Claims*

1. Plaintiffs' primary claims are for retaliation under the state and federal False Claims Act ("FCA"), which require proof that (1) Plaintiffs engaged in protected activity, (2) Defendants knew about the protected activity, and (3) Defendants took adverse action against Plaintiffs because of the protected activity. Plaintiffs have no evidence to support any of these elements.

2. The undisputed record shows that Plaintiffs engaged in what would qualify as "protected activity" only *after* MEMA's contracts at Lake Norman and Davis were terminated; their pre-termination complaints always focused on alleged inefficiencies or interference with patient care, which is not protected activity.

3. Even if Plaintiffs claim any of their complaints were motivated by concerns about

1

fraud, they still cannot show retaliation. To establish a retaliation claim, decisionmakers at the employer must know about the activity and that it is an effort to prosecute or stop fraud. Here, Plaintiffs intentionally avoided providing Defendants with that knowledge by lodging one complaint anonymously through a third-party attorney and avoiding mention of fraud in other communications.

4. Plaintiffs cannot establish retaliation because the only alleged protected activity took place at least eight months before the termination. As a matter of law, such a time gap is too long to allow an inferred causal connection between the activity and termination.

5. A jury also could not infer causation because the undisputed evidence shows that the Lake Norman and Davis CEOs had several legitimate, nonretaliatory reasons for terminating the contracts, including but not limited to Plaintiffs' resistance to *any* form of electronic medical record for physician documentation and Lake Norman's fast track initiative, a criminal conviction within MEMA, and MEMA's failure to adequately staff a new emergency department at Davis.

6. MEMA does not have standing to bring an FCA retaliation claim. Discovery has proven that not a single complaint was made through MEMA, much less authorized by MEMA, and many of the MEMA physicians could not have been retaliated against because they had no relationship with Lake Norman or Davis. Congress also did not give entities like MEMA statutory standing. That is especially true where, as here, there is no employment-like relationship: Defendants did not even pay MEMA.

***Plaintiffs' Other Claims***

7. Plaintiffs have given little attention to their other claims in this matter: tortious interference (as to HMA), slander and defamation *per se*, and violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"). Plaintiffs will be unable to prove any of

these claims at trial.

8. MEMA cannot show that HMA tortiously interfered with its contracts with Lake Norman and Davis. The undisputed evidence shows each hospital's CEO made its own decision to terminate; HMA did not induce the termination. But even if it had, that action would have been privileged. As the parent company of Lake Norman and Davis, HMA had a privilege to interfere to protect any legitimate business interest. Here, those interests included allowing HMA's subsidiary to introduce new initiatives to drive revenue and improve patient care and to adequately staff the emergency department.

9. Plaintiffs also cannot prove their claim for defamation and slander *per se* because they have no competent evidence regarding what specific defamatory statements were made. Further, the vague statements alleged, such as MEMA's or Dr. Mason's failure to practice "quality medicine," are hyperbolic statements of opinion that are non-actionable as a matter of law.

10. Likewise, Plaintiffs cannot prove a violation of the UDTPA because none of the alleged predicate acts occurred "in or affecting commerce"; they were internal business matters. Moreover, those alleged acts with the closest connection to commerce, such as submission of false claims for payment, could not have harmed Plaintiffs, which defeats the UDTPA claim.

### *Damages*

11. Plaintiffs claims for tortious interference and violation of the UDTPA, as well as for damages under the FCA, require them to present a reliable measure of damages. Plaintiffs have failed to do so: Their damages model relies on speculative growth rates derived from survey data that have no relationship to MEMA's historical data. As a result, Defendants are due summary judgment on these claims.

12. Further, to the extent any MEMA physician suffered any damages, those damages

3

have been fully compensated by MEMA's settlement with EmCare. As this Court has noted, Plaintiffs are not entitled to a windfall and any damages beyond the payment made by EmCare would constitute a windfall to the Plaintiffs.

*Reliance Materials*

13. In support of this motion, Defendants rely on their brief and the authorities cited therein, attached Exhibits 1–52, Defendants' contemporaneously filed Motion in Limine to Exclude the Testimony of Derek Royster and all materials attached thereto, Defendants' Motion *in Limine* to Exclude: (1) Carlisle HMA, LLC's Plea Agreement and (2) HMA's Non-Prosecution Agreement and all materials attached thereto, and the pleadings in this matter.

WHEREFORE, Defendants respectfully request that the Court enter summary judgment in their favor as to all claims.

Respectfully submitted,

DATE: June 15, 2023

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ Russell B. Morgan*
Christopher C. Lam (N.C. Bar No. 28627)
Matthew S. DeAntonio (N.C. Bar No. 39625)
214 N. Tryon Street, Suite 3700
Charlotte, NC 28202
Telephone: (704) 338-6115
Fax: (704) 332-8858
clam@bradley.com
mdeantonio@bradley.com

Charles J. Mataya (pro hac vice)
Russell B. Morgan (pro hac vice)
John P. Rodgers (pro hac vice)
Kimberly M. Ingram-Hogan (pro hac vice)
1600 Division Street, Suite 700
Nashville, TN 37203
Telephone: (615) 252-2324
Fax: (615) 252-6324

4

cmataya@bradley.com
rmorgan@bradley.com
jrodgers@bradley.com
kingram@bradley.com

*Attorneys for the HMA Defendants*

5