IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-CV-00472-KDB

| | |
|---|---|
| THOMAS L. MASON, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> HEALTH MANAGEMENT ASSOCIATES, LLC, ET AL., <br><br> Defendants. | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the Defendants' Motion in Limine to exclude HMA Carlisle LLC's Plea Agreement and HMA's Non-Prosecution Agreement. (Doc. No. 359). As previously discussed by the Court in denying Defendants' motion for summary judgment, this dispute centers on the termination of Mid-Atlantic Emergency Associates, PLLC's ("MEMA") contracts at Mooresville Hospital Management Associates, LLC d/b/a Lake Norman Regional Medical Center ("Lake Norman") and Statesville HMA, LLC d/b/a Davis Regional Medical Center ("Davis"). Plaintiffs filed this action alleging that the termination of their contracts was due to their refusal to participate in and their complaints about fraudulent medical treatment and billing occurring at Lake Norman and Davis hospitals. Defendants contend that the contracts were terminated for legitimate business reasons. The Court has reviewed the motion, the parties' briefs and exhibits, and other relevant pleadings of record. For the reasons discussed below, the Court will grant in part and deny in part the Motion.

1

# I. LEGAL STANDARD

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Hence, the threshold for relevancy is low. *United States v. Awni Shauaib Zayyad*, 741 F.3d 452, 459 (4th Cir. 2014) (citing *United States v. Powers*, 59 F.3d 1460, 1465 (4th Cir. 1995)). Relevant evidence will be excluded only when the probative value of that evidence is substantially outweighed by the unfairly prejudicial nature of the evidence. Fed. R. Evid. 403; *United States v. Glass*, 2023 U.S. Dist. LEXIS 103712, *9 (W.D.N.C. June 13, 2023). In analyzing evidence under the balancing test of Rule 403, the court is "required to look at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *United States v. Russell*, 971 F.2d 1098, 1106 (4th Cir. 1992) (internal quotation and citation omitted). Where a party seeks to introduce evidence that is probative, "the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly." *United States v. Lentz*, 524 F.3d 501, 525 (4th Cir. 2008) (quoting *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996)).

# II. DISCUSSION

On September 21, 2018, the Defendants entered into a non-prosecution agreement ("NPA") with the Criminal Fraud Section of the United States Department of Justice. In the NPA HMA admitted that:

> "HMA executives instituted a formal and aggressive plan to improperly increase overall ED inpatient admission rates at all HMA Hospitals. As part of the plan, HMA executives set mandatory companywide admission rate benchmarks for patients presenting to HMA Hospital EDs – a range of 15–20% for all patients presenting to the ED, depending on the HMA Hospital, and then 50% for patients 65 and older (i.e. Medicare beneficiaries) – solely to increase HMA revenue."

*See* Doc. No. 370-40. HMA also admitted that the scheme "was executed through various improper means, including by HMA executives pressuring and coercing HMA Hospital administrators, contracted ED physician practice groups, including Company A [EmCare Inc.], and medical directors and physicians treating HMA's ED patients to meet mandatory admission rate benchmarks[.]" *Id*. Similarly, HMA Carlisle, one of HMA's subsidiary hospitals, agreed to plead guilty to conspiracy under 18 U.S.C. § 1349 to commit health care fraud in violation of 18 U.S.C. § 1347. *See* Doc. No. 360-2. HMA Carlisle's Plea Agreement, and its Statement of Facts, describe the improper admissions scheme that occurred on a nationwide basis and at HMA Carlisle specifically. *Id*.

Defendants seek to exclude both agreements and their statements of facts arguing that they are not relevant to the issues before the jury and highly prejudicial. Plaintiffs retort that these agreements are party-opponent admissions that are highly relevant and will help the jury contextualize Plaintiffs' claim. After careful review of the motion, the Court will permit the introduction of HMA's Non-Prosecution Agreement's Statement of Facts ("NPA SOF") but will exclude the remainder of the Non-Prosecution Agreement and HMA Carlisle's Plea Agreement and Statement of Facts.

To begin with, the NPA SOF is clearly relevant. The NPA SOF contains party-opponent admissions about the admissions-related benchmarks and tactics that were used to improperly pressure ER physicians to admit patients. The NPA SOF acknowledges that these tactics took place at Lake Norman and Davis hospitals and support the MEMA physicians' complaints. The admissions are therefore highly probative of Plaintiffs' claims generally. More specifically, the NPA SOF's admissions are relevant to Plaintiffs' belief that an FCA violation was occurring,

3

Defendants' notice that Plaintiffs were alleging an FCA violation, and Defendants' motive in terminating MEMA's contracts. Defendants' argument to the contrary strains credulity.

The NPA SOF's relevancy is also not substantially outweighed by unfair prejudice. The admissions contained in the NPA SOF are no doubt prejudicial to Defendants; but not unfairly so. *See United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006) ("the mere fact that the evidence will damage the defendant's case is not enough – the evidence must be unfairly prejudicial, and the unfair prejudice must substantially outweigh the probative value of the evidence."); *United States v. Newell*, 2015 U.S. Dist. LEXIS 25569, at *22 (W.D.N.C. Mar. 3, 2015) ("all incriminating evidence is inherently prejudicial.") The NPA SOF is simply an acknowledgement by HMA of its admittedly improper conduct. HMA cannot sweep these relevant admissions under the rug because it may hurt them in this civil action. Moreover, the Court will not permit the use of the NPA SOF for any improper purpose and will instruct the jury accordingly if a risk of unfair prejudice or confusion arises.

Aside from their relevancy arguments, Defendants argue that admission of the NPA SOF would violate Federal Rule of Evidence 408. Defendants are mistaken. Rule 408(a) states:

> "Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim — except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority."

Fed. R. Evid. 408(a). Even if the NPA qualifies as a statement compromising on a claim, Rule 408 would only prevent its admission to prove the validity of a disputed claim or for impeachment purposes. A court may admit a statement compromising on a claim for another purpose. *See, e.g.,*

4

*City of Huntington v. AmerisourceBergen Drug Corp.*, 2021 U.S. Dist. LEXIS 82371, at *19–21 (S.D. W. Va. Apr. 29, 2021) (holding that Rule 408 does not prohibit admission of settlements with government entities to establish a pattern of conduct that demonstrated knowledge). As Defendants have continually stressed, this case is not *about* their fraud. Whether Defendants violated the FCA, and the other relevant state laws, is a distinct question from whether they committed fraud. In other words, Defendants could have committed fraud but not violated the FCA or the state laws at issue. The NPA SOF is therefore not being used to prove or disprove the validity of a disputed claim.[1] Accordingly, Rule 408 is inapplicable.

In sum, the Court finds that the NPA SOF's relevancy is not substantially outweighed by undue prejudice, and it is not being used to prove the validity of Plaintiffs' claims. The Court will therefore deny the motion as to the NPA SOF. However, the Court will grant the motion as to the NPA itself as needlessly cumulative under Rule 403. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of… needlessly presenting cumulative evidence."). Any relevant information[2] contained in the NPA is also contained in NPA SOF. Therefore, the admission of the NPA is redundant and cumulative.

Turning to the HMA Carlisle Plea Agreement and Statement of Facts, the Court finds that much of the NPA SOF analysis equally applies to it. At the same time, there are important differences between the agreements. First, HMA Carlisle is not a party to this case. HMA Carlisle is a subsidiary of HMA. A subsidiary is presumed to retain a "separate and distinct" identity from its parent company unless extraordinary circumstances support disregarding it. *See Foster v. Unifi,*

---

[1] Again, if Plaintiffs attempt to use the NPA SOF for an impermissible purpose ( i.e. to prove the validity of their claims) the Court will strike the testimony and instruct the jury accordingly.
[2] The NPA also contains a significant amount of information that is irrelevant to the matter before this Court.

5

*Inc.*, 661 S.E.2d 789, at *1–2 (N.C. Ct. App. 2008) (unpublished table decision) (quoting *B-W Acceptance Corp. v. Spencer*, 149 S.E.2d 570, 574 (N.C. 1966)); *State ex rel. Cooper v. Ridgeway Brands Mfg., LLC*, 666 S.E.2d 107, 112–13 (N.C. Ct. App. 2008). This separateness diminishes the relevancy and probative value of HMA Carlisle's admissions. Second, any admissions relevant to the HMA nationwide scheme, and therefore this matter, are duplicative of the admissions contained in the NPA SOF. Plaintiffs contend that they need the HMA Carlisle Plea Agreement "to show Defendants' motives, intent, knowledge, and plans to implement the top-down, company-wide conspiracy and fraudulent scheme throughout all Division I hospitals." *See* Doc. No. 367. However, the introduction of the NPA Statement of Facts accomplishes this goal. In the NPA Statement of Facts the Defendants admit that they instituted "a formal and aggressive plan to improperly increase overall ED inpatient admission rates at all HMA Hospitals"; that the "benchmarks were not put in place to improve the level of patient care"; that the Defendants used "various improper means, including by HMA executives pressuring and coercing . . . contracted ED physician practice groups, including . . . medical directors and physicians treating HMA's ED patients to meet mandatory admission rate benchmarks"; and that daily meetings with ED physicians were "designed to improperly pressure the ED physicians to admit patients who did not require inpatient admission." *See* Doc. No. 360-3. Therefore, the probative value of the HMA Carlisle Plea Agreement is diminished even further by its redundancy. In short, the HMA Carlisle Plea Agreement's probative value is minimal, relevancy attenuated, and information duplicative of the NPA SOF. The Court will therefore exclude it on those grounds.

**IT IS THEREFORE ORDERED THAT** Defendants' Motion in Limine to exclude Carlisle HMA LLC's Plea Agreement and HMA's Non-Prosecution Agreement, (Doc. No. 359), is **GRANTED** in part and **DENIED** in part.

**SO ORDERED**

Signed: August 16, 2023

Kenneth D. Bell
United States District Judge